IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES HARVEY LARSEN,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN K. ALLEN; JAMES SWINK; TONY BAIRD; SPENCER WALSH,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No.  2:15-cv-00919-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

Pro se Plaintiff James Harvey Larsen, proceeding in forma pauperis, initiated this civil rights action against Defendants Kevin K. Allen, James Swink, Tony Baird, and Spencer Walsh on December 13, 2015.  (ECF No. 3.)  Mr. Larsen failed to comply with the Court's June 13, 2016 Order (ECF No. 5) requiring him to provide service addresses for the Defendants, and its October 5, 2017 Order (ECF No. 6) requiring him to show cause why his case should not be dismissed for failure to prosecute.  For the reasons addressed below, the undersigned[1] RECOMMENDS the District Judge dismiss Mr. Larsen's case for failure to prosecute.

## BACKGROUND

Mr. Larsen initiated the present action on December 31, 2015.  (ECF No. 3).  On January 6, 2016, the Court granted Mr. Larsen leave to proceed in forma pauperis pursuant to 28 U.S.C. 1915.  (ECF No. 2.)  Mr. Larsen's Complaint alleges that the Defendants—a Utah district court judge and three Cache County attorneys—violated his

---

[1] On January 23, 2016, District Judge Clark Waddopus referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4.)

1

civil rights by denying him due process and a speedy trial.  (ECF No. 3.)  Mr. Larsen seeks $500,000 in damages.  (Id. at 6.)

On June 13, 2016, the Court issued an Order requiring Mr. Larsen to file by June 27, 2016 a notice containing the Defendants' addresses and the addresses of the Defendants' registered agent or other person authorized to accept service of process.  (ECF No. 5.)  The Order also directed the Clerk of Court to prepare a summons for the Defendants after Mr. Larsen supplied the necessary information regarding where to serve the Defendants, and further directed the United States Marshals Service to then serve a completed summons, copy of the Complaint, and a copy of the Order on the Defendants.  (Id.)  Mr. Larsen failed to supply the requested information or otherwise respond to the Court's Order.  Accordingly, on October 5, 2017, the Court ordered Mr. Larsen to show cause why the case should not be dismissed for failure to prosecute.  (ECF No. 6.)  The Order directed Mr. Larsen to respond in writing no later than October 19, 2017 and inform the Court as to the status of the case and his intentions to proceed.  (Id.)  The Order warned Mr. Larsen that failure to respond to the Order "will result in a recommendation that the case be dismissed."  (Id.)  Mr. Larsen failed to respond to the Order.  Mr. Larsen has not filed anything in this case since initiating the action on December 31, 2015.

## DISCUSSION

Federal Rule 41(b) permits a court, in its discretion, to dismiss a case "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or

any order of court."² Fed. R. Civ. P. 41(b); see Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")  The District of Utah Local Rules also state:

> The court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution.  If good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper.

DUCivR 41–2.  Dismissing a case with prejudice for failure to prosecute constitutes an extreme sanction.  See Zenati v. Echostar, Inc., 203 F.3d 837, 2000 WL 43719 at *1 (10th Cir. Jan. 20, 2000) (unpublished table decision).

The Tenth Circuit requires consideration of five criteria when determining whether to dismiss a case with prejudice pursuant to Rule 41(b): "'(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and

---

[2] Federal Rule of Civil Procedure 4(m) also provides that the court "must dismiss the action without prejudice [] or order that service be made within a specified time" as to any defendant who has not been served within ninety days of the filing of the action. Fed. R. Civ. P. 4(m).  However, "[w]hen a plaintiff is granted in forma pauperis status, the district court is required to serve process for the plaintiff."  Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003) (citing 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(2)). While Mr. Larsen has refused to cooperate in serving the Defendants, as he must, the district court and not the plaintiff has the obligation to effectuate service, making the action more appropriately dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute than under Fed. R. Civ. P. 4(m) for failure to timely effect service.  Furthermore, the Court ordered Mr. Larsen to show cause why the Court should not dismiss his case failure to prosecute but did not specifically order him to show cause why the Court should not dismiss his case for failure to effectuate service.  See Self v. Fresenius Med. Care, 67 F. App'x 577, 578 (10th Cir. 2003) (unpublished) (reversing dismissal under Rule 4(m) where the district court did not afford plaintiff an "opportunity to show good cause for his failure to comply with Rule 4(m)").

3

(5) the efficacy of lesser sanctions.'" Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994) (quoting Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir.1992)); see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009) (holding that a district court should ordinarily consider the Ehrenhaus factors when dismissing a case with prejudice because it is a "harsh remedy"). However, "[w]hen dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'" AdvantEdge, 552 F.3d at 1236 (quoting Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007)).

The undersigned recommends that the Court dismiss this action without prejudice but nevertheless addresses each of the Ehrenhaus factors in turn. These factors weigh in favor of dismissing this action.

### 1. Prejudice to Defendants

Mr. Larsen's failure to prosecute this case may not have prejudiced Defendants. The Defendants have not been served and have not expended any time or resources defending against the case. See Jackson v. Glazed Investments, LlC, No. 07-cv-00421-WDM-CBS, 2007 WL 3232236, at *3 (D. Colo. Oct. 30, 2007) (unpublished) (finding "no actual prejudice to the Defendant, as it has not yet been served."). However, delay in pursuing a case coupled with the lack of notification to the Defendants always creates a risk of lost evidence and faded memories. Absent evidence of prejudice, this factor weighs against dismissal.

### 2. Interference with the Judicial Process

Mr. Larsen's failure to prosecute his case, as well as his failure to comply with the Court's Orders, necessarily interferes with the judicial process.  While Mr. Larsen, as a pro se litigant, is held to a less stringent standard than an attorney, he is still required to "'follow the same rules of procedure that govern other litigants.'"  Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Mr. Larsen has made no attempt whatsoever to prosecute his claims since initiating this action on December 31, 2015.  This failure has caused the Court to expend unnecessary time and resources monitoring his case, issuing Orders compelling him to take action, and drafting this Report and Recommendation.  See Robledo-Valdez v. Smelser, No. 12-cv-01833-WYD-KLM, 2014 WL 26079, at *6 (D. Colo. Jan. 2, 2014) (unpublished) ("The Court's frequent review of the case file and issuance of this Recommendation, which were necessitated by Plaintiff's neglect, increases the workload of the Court and takes its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues."), aff'd, 593 F. App'x 771 (10th Cir. 2014) (unpublished); see also Lynn v. Roberts, No. CIV.A. 01-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished) (finding that plaintiff's "refusal to abide by the Federal Rules of Civil Procedure and the court's orders has required the court to expend extra time and resources to deal with his repeated violations.  This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document.").  In addition, Mr. Larsen's failure to comply with the Court's Orders

requiring him to provide service address for the Defendants and to show cause why his case should not be dismissed for failure to prosecute, "evidences a complete lack of respect for the Court and the judicial process." Robledo-Valdez, 2014 WL 26079, at *6. Therefore, this factor weighs in favor of dismissal.

### 3. Culpability of Mr. Larsen

Mr. Larsen is culpable for both failing to help effectuate service of the Complaint and failing to comply with the Court's Orders.  Mr. Larsen failed to comply with the Court's June 13, 2016 Order requiring him to provide service addresses for the Defendants.  (ECF No. 5.)  While the district court is responsible for serving the Complaint when a plaintiff is proceeding in forma pauperis, the plaintiff still must provide service addresses for the defendants in order to effectuate service.  See Robledo-Valdez, 2014 WL 26079, at *5 ("It is Plaintiff's obligation to provide the Court with sufficient information to allow the Unserved Defendants to be served."); Tillotson v. McCoy, No. 10-CV-00483-REB-BNB, 2010 WL 4810721, at *1 (D. Colo. Nov. 19, 2010) (unpublished) ("[P]laintiff is simply mistaken in his belief that it is anyone's responsibility other than his own to locate and provide a proper address for the defendant such that service can be accomplished.").  Mr. Larsen is also culpable for failing to respond to the Court's October 5, 2017 Order requiring him to show cause why the Court should not dismiss his case for failure to prosecute.  (ECF No. 6.)  The Court gave Mr. Larsen until October 19, 2017 to respond, and to date, he has still not responded to the Order.  Thus, this factor also weighs in favor of dismissal.

### 4. Advance Notice of Sanction of Dismissal

The Court previously warned Mr. Larsen that his failure to respond to the Court's order to show cause "will result in a recommendation that the case be dismissed." (ECF No. 6.)  Therefore, Mr. Larsen has been on notice since October 5, 2017 that his failure to respond to the Court's order to show cause could result in dismissal of his case.

### 5. Efficacy of Lesser Sanction

Finally, the record in this case demonstrates that no appropriate lesser sanction exists.  First, a monetary sanction is not practical given that Mr. Larsen is proceeding in forma pauperis.  See Robledo-Valdez, 2014 WL 26079, at *7 ("Here, the imposition of a monetary or evidentiary sanction is not practical.  Nor would imposition of a monetary sanction make sense in this case because Plaintiff is proceeding in forma pauperis . . . Therefore, the Court finds that the only effective sanction would be dismissal."). Moreover, Mr. Larsen has shown a complete lack of interest in this case since initiating it.  He has not responded to the Court's Orders and has not filed anything in this case since December 31, 2015.  In addition, the Defendants have not been served given Mr. Larsen's failure to provide service addresses.  Since the Defendants have not been served, the case cannot proceed, rendering dismissal the only effective sanction.  See Conyac v. Noonan, No. 11-CV-02730-PAB-CBS, 2013 WL 4434369, at *6 (D. Colo. Aug. 16, 2013) (unpublished) ("[T]he record shows that there is no lesser sanction that is appropriate under the circumstances.  The court's previous orders have not resulted in compliance.  It would be fruitless to impose any lesser sanction, as this civil action cannot proceed without . . . service of process on the Defendants.").

**RECOMMENDATION**

For the reasons stated above, the undersigned RECOMMENDS the Court dismiss this action for failure to prosecute. The undersigned recommends dismissal without prejudice, a less severe sanction, since the Defendants have not been served, and, therefore, have not been prejudiced by Mr. Larsen's failure to prosecute.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 12th day of January, 2018.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge